BLD-247                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1679
_____

EDDIE ALMODOVAR,
                              Appellant

v.

CITY OF PHILADELPHIA; C.O.HARRIS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-01781)
District Judge:  Honorable William H. Yohn, Junior
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 13, 2013)
_____

OPINION
_____

PER CURIAM

        Pro Se Appellant Eddie S. Almodovar, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania granting Appellee City of

Philadelphia's motion for summary judgment concerning the civil rights complaint he

filed pursuant to 42 U.S.C. § 1983. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. On March 11, 2011, Almodovar filed a civil rights complaint against the Philadelphia prison system and Correctional Officer Harris. According to Almodovar, on May 16, 2009, while he was housed at Philadelphia Industrial Correctional Center ("PICC"), two inmates approached and threatened him during the first guard shift. After the guard shift changed, Almodovar was attacked by two inmates, one of whom had a knife. Almodovar was stabbed multiple times. After the fight was broken up, he was taken to Frankfort Hospital and received stitches. Almodovar alleged that Harris facilitated the attack against him and that the prison system's lack of training, oversight, and rules allowed his assailants to obtain the knife used in the attack.

In January 2012, the City of Philadelphia was substituted as a defendant for the Philadelphia prison system and in June 2012, Correctional Officer Harris was dismissed for failure to serve. On January 8, 2013, the City of Philadelphia, the only remaining defendant, filed a motion for summary judgment. The District Court granted Almodovar an extension of time to respond to the motion until February 20. 2013.[1] After Almodovar

---

[1] Under the Eastern District Local Rules of Civil Procedure Rule 7.1(c), Almodovar had fourteen days to response to the summary judgment motion.

2

failed to do so, the District Court granted the summary judgment motion by order entered February 27, 2013.[2] Almodovar filed a timely appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's dismissal for failure to prosecute for abuse of discretion, acknowledging that dismissal "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011) (citations omitted). We review the District Court's denial of the request for appointment of counsel and leave to amend a complaint for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 n. 3, 158 (3d Cir.1993); Renchenski v. Williams, 622 F.3d 315, 324–25 (3d Cir.2010). We exercise plenary review over the District Court's grant of summary judgment. Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010). In considering the record, we "apply[] the same standard that the court should have applied." Id. Summary judgment is only proper where no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of

---

[2] The District Court also denied Almodovar's motion to add additional defendants as untimely. A motion for appointment of counsel, which Almovodar filed on February 8, 2013, was also before the Court. On May 24, 2011, the District Court granted Almodovar's request for appointment of counsel and requested that counsel from the Prisoner Civil Rights Panel accept appointment. On August 31, 2011, the District Court advised Almodovar that it was unable to obtain a volunteer attorney. Thus, the District Court dismissed Almodovar's motion for appointment of counsel as duplicative in its February 26, 2013 order. Additionally, the District Court dismissed Almodovar's request for additional time to respond to the motion for summary judgment until counsel has been appointed.

law. Fed. R. Civ. P. 56(a). We may summarily affirm on any basis supported by the record if the appeal does not present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The District Court granted the City of Philadelphia's motion for summary judgment for lack of prosecution, not on the merits. Thus, our decision in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984), applies and the District Court should have engaged in a balancing test of the six factors outlined in that case to decide whether to dismiss the case as a sanction. See Poulis, 747 F.2d at 868. Nonetheless, we conclude that remanding this matter to the District Court for consideration of the Poulis factors would be futile because Almodovar does not have a valid cause of action against the City of Philadelphia.

Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell v. Department of Social Services, 436 U.S. 658, 691 (1978)). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005). Here, Almodovar's complaint includes nothing more than a conclusory allegation that "lack of training,

4

oversight and rules" resulted in his assailants getting access to the knife used in the attack against him. Indeed, Almodovar admitted in his deposition that the prison system does not permit corrections officers to deliver weapons to prisoners, and he does know of any grievance or complaint filed by other prisoners complaining of this behavior. Almodovar's incident is the only incident on the record allegedly resulting from the Defendant's policy. However, the Supreme Court has held that a single incident of unconstitutional activity is not sufficient to impose liability under Monell "unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 24 (1985). There is no such proof here. Thus, Almodovar's claim against the City of Philadelphia fails.

IV.

For the foregoing reasons, no substantial question is presented and we will summarily affirm the judgment of the District Court.[3]

---

[3] We agree with the District Court's denial of Almodovar's motion to add additional defendants as untimely, the denial of his motion for appointment of counsel as duplicative, and the denial of his motion for additional time to respond to the motion for summary judgment until counsel has been appointed as moot.